UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY MATHERNE AND ANGELA DUCOTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-807-JJB-RLB** |
| **FRANK SCHRAMM, et al** | |

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

Before the Court is Defendants' Motion to Compel ("Motion") responses to Interrogatories and Requests for Production of Documents. (R. Doc. 24). Defendants filed their Motion on September 27, 2013. Plaintiffs have failed to respond to Defendants' Motion and the deadline for filing any opposition has passed.

### I.  BACKGROUND

On April 1, 2013, Defendants served Interrogatories and Requests for Production of Documents on Plaintiffs, Ricky Matherne (R. Docs. 24-3, 24-4) and Angela Ducote (R. Docs. 24-5, 24-6). According to the Federal Rules of Civil Procedure, Plaintiffs' responses were due within 30 days of service. Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served."). Therefore, Plaintiffs' responses were due by May 1, 2013.

Counsel for Defendants wrote to Plaintiffs on May 28, 2013 regarding the outstanding discovery requests. (R. Doc. 24-7). Because the discovery responses remained outstanding, on

July 23, 2013 (R. Doc. 24-8), Defendants scheduled a discovery conference with Plaintiffs for August 1, 2013.  Defendants represent that Plaintiffs agreed to produce responses within a week after the August 1, 2013 conference.  Nonetheless, Defendants advise the Court that Plaintiffs have failed to produce the outstanding discovery.

Having not received any discovery responses in the time represented by Plaintiffs' counsel, Defendants filed the instant Motion on September 27, 2013 (R. Doc. 26).  Defendants' Motion requests the Court to compel Plaintiffs to "provide full and complete responses" to Defendants' Interrogatories and Requests for Production. (R. Doc. 24-1 at 2).

## II.     LAW AND ANALYSIS

A party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33 and 34.  A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.*  A party seeking discovery may move for an order compelling answers to interrogatories and production of requested documents if a party fails to provide answers or responses.  Fed. R. Civ. P. 37(a)(3)(B).  If a motion to compel production is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs did not submit written responses or objections to Defendants' discovery requests within thirty (30) days of service or within the extensions of time granted by Defendants.  Moreover, Plaintiffs did not file an opposition or otherwise respond to Defendants'

2

Motion to Compel.  Based upon the record, Plaintiffs' discovery responses remain outstanding as of this Order.

The Court will therefore order each Plaintiff, Angela Ducote and Ricky Matherne, to submit complete responses, without objections, to (1) Defendants' Interrogatories and (2) Defendants' Request for Production Nos. 1, 3-5, 9-11, and 13-16 within seven (7) days of this Order.  *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived").  Additionally, the Court orders each Plaintiff to submit complete responses, without objection, to Defendants' Request for Production No. 12, but only to the extent that it seeks production of: "A copy of your Medicare identification card with Health Insurance Claim Number (HICN) . . . ."

The Court also orders each Plaintiff to comply with the remaining Request for Production Nos. 2, 6, 7, 8 and 12, subject to limitations as set forth below.  Those Requests for Production of documents ask Plaintiffs to execute releases authorizing Defendants to obtain Plaintiffs' medical, financial and personal information:[1]

> **Request for Production No. 2:**
> An executed authorization to release medical records providing for the release of any and all medical information pertaining to the treatment afforded *you* at any time for any reason. (Please use the attached authorization form.)
>
> **Request for Production No. 6:**
> An executed authorization to release employment records pertaining to *you* at any time. (Please use the attached authorization form.)
>
> **Request for Production No. 7:**
> An executed authorization for the release of records earnings and disability records from the Social Security Administration. (Please use the attached authorization forms.)

---

[1] The Request for Production Nos. 2, 6, 7, 8 and 12 served upon Angela Ducote (R. Doc. 24-6) and Ricky Matherne (R. Doc. 24-4) are identical.

**Request for Production No. 8:**
An executed authorization for the release of records earnings from the Internal Revenue Service. (Please use the attached authorization form.)

**Request for Production No. 12:**
[A]n executed authorization for the release of records from Medicare and/or Medicaid. (Please use the attached authorization forms.)

(Req. for Produc. to Matherne, R. Doc. 24-4; Req. for Produc. to Ducote, R. Doc. 24-6).

A review of Plaintiffs' Petition indicates that Plaintiff, Ricky Matherne, alleges injuries to his: back, neck, hands, ankles, arms, shoulders, upper extremities, lower extremities and headaches. (R. Doc. 1-1 at 5). Angela Ducote seeks to recover for injuries to her: back, neck, ankles, arms, shoulders, upper extremities, lower extremities and headaches. (R. Doc. 1-1 at 6). Plaintiffs claim their injuries wholly result from Defendants' conduct, making Defendants liable to each of them for:

1. Physical pain and suffering — past, present and future;
2. Mental pain, anguish, and distress — past, present and future;
3. Medical expenses — past, present and future;
4. Loss of enjoyment of life — past, present and future; and
5. Lost wages — past, present and future.

(R. Doc. 1-1 at 6-7).

Considering Plaintiffs' allegations in their Petition, some of the information covered by the releases is relevant and/or likely to lead to the discovery of evidence relevant to Plaintiffs' claimed damages. Although Plaintiffs have failed to respond or object to these requests, the Court is concerned regarding the scope of material conceivably covered by the expansive releases requested by Defendants.[2] Defendants have also not provided any additional information for the Court to conclude that the documents and records obtainable through any of

---

[2] The time period covered by <u>some</u> of the releases provided to Plaintiffs is limited in scope and therefore sufficiently addresses these concerns.

4

these releases that are unlimited in scope would be otherwise discoverable under the Federal Rules of Civil Procedure.

This Court has previously declined to compel a party, over their objection, to sign an authorization to release confidential medical information when the material covered by such a waiver was irrelevant and privileged and thus outside of the scope of discovery. *Butler v. La. Dep't of Pub. Safety and Corrs.*, No. 12-420, 2013 WL 2407567, at *9 (M.D. La. May 29, 2013). The Court recognizes, however, that the Fifth Circuit has suggested in dicta, that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization release. *McKnight v. Blanchard*, 667 F.2d 477, 481-82 (5th Cir. 1982).

For these reasons, the Court will compel Plaintiffs to sign the releases sought by Defendants' Request for Production Nos. 2, 6, 7, 8 and 12 subject to certain limitations if not already contained in the releases provided. The releases executed by Plaintiffs shall authorize the release of any such information for the last 10 years. These releases shall be provided by the Plaintiffs to Defendants within seven (7) days of this Order. To the extent Defendants transmit these releases to any third party for the purpose of obtaining records that relate to Plaintiffs, such transmittal shall also be simultaneously provided to counsel for Plaintiffs. Upon receipt of any records from such third parties, Defendants must provide a complete copy to Plaintiffs within 5 days of receipt.

Plaintiffs have had an opportunity to be heard, but failed to file an opposition or otherwise respond to Defendants' Motion to Compel. Defendants attempted in good faith to obtain the discovery requested without Court action. Plaintiffs' failure to respond to discovery was not substantially justified and there are no circumstances that would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court will, therefore, also order Plaintiffs

to pay Defendants' expenses incurred in making the Motion to Compel, including attorney's fees. Defendants did not submit anything to support an award of a particular amount of expenses and attorney's fees. A review of the Motion and Memorandum supports an amount of $250.00.

## III. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that:

Defendants' Motion to Compel is **GRANTED** as it pertains to Defendants' Interrogatories served on Plaintiffs. Plaintiffs shall produce complete responses within 7 days of this Order.

Defendants' Motion to Compel is **GRANTED** as it pertains to Defendants' Request for Production of Documents Nos. 1, 3, 4, 5, 9, 10, 11, 13, 14, 15, 16, and the portion of No. 12 seeking "A copy of your Medicare identification card with Health Insurance Claim Number (HICN)," served on Plaintiffs. Plaintiffs shall produce complete responses within 7 days of this Order.

Defendants' Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as it pertains to Request for Production Nos. 2, 6, 7, 8, and the latter portion of No. 12 (seeking "an executed authorization for the release of records from Medicare and/or Medicaid"), subject to the following limitations: (1) the releases shall be limited to a time period of 10 years prior to the date of the request, (2) a copy of any transmittal of any release for purposes of obtaining records must be served on Plaintiffs' simultaneously, and (3) upon receipt of the released documents by Defendants, Defendants must produce a complete copy of the document to Plaintiffs within 5 days.

Defendants are awarded reasonable expenses incurred in making the Motion, including attorney's fees, in the total amount of $250.00 to be paid by Plaintiffs.

Signed in Baton Rouge, Louisiana, on November 6, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE